UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**SHIRLEY SMITH**                                                                                          **PLAINTIFF**

v.                                      **CASE NO. 5:10cv00105 BSM**

**C.B. KING MEMORIAL SCHOOL, INC., et al.**                        **DEFENDANTS**

**PARTIES' JOINT STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIALITY**

The parties to this action, plaintiff Shirley Smith ("plaintiff" or "Smith") and defendants C.B. King Memorial School, Inc. et al., ("defendants" or "C.B. King"), have stipulated, through their respective counsel, to the entry of this protective order regarding confidentiality ("protective order").

I.

During the course of the litigation of this matter, plaintiff and defendants may identify and agree to produce certain documents containing confidential and personal information pertaining to the parties as well as individuals who are not parties to this action. The purpose of this protective order is to ensure that the said documents are restricted to persons involved with the litigation of this matter. Specifically, plaintiff may identify and agree to produce, her own medical and financial records. Defendants may identify and agree to produce personnel records of third parties. Accordingly, the documents and information identified in this paragraph are subject to the provisions of this protective order.

II.

Moreover, during the course of discovery, the parties may request additional personal,

confidential, or proprietary documentation from each other or from third parties.  If any documents which will be produced contain personal, confidential, or proprietary information, the producing party (including any third party producing such documents) may mark the documents "CONFIDENTIAL."  Any document so marked shall not be disclosed to any person except as may be permitted by this protective order.  The designation of any document as "CONFIDENTIAL" will be made in good faith, and the parties shall have ten (10) days after service of documents marked "CONFIDENTIAL" to challenge such designation by filing a motion with the court.

In the event that personal, confidential or proprietary information is disclosed in response to an interrogatory, the answering party may designate the response as confidential information by conspicuously stamping the interrogatory answer with the word "CONFIDENTIAL."  Parties to this action may also designate deposition testimony that reveals personal, confidential or proprietary information as confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this joint stipulation order.

The parties will redact confidential information from any documents produced in the course of this litigation pursuant to Rule 5.2 of the Fed. R. Civ. P.  However, they reserve the right to file a motion to produce with the court should same become relevant to the litigation of this matter.

III.

The use of any documents or information therein subject to this protective order shall be restricted to the following persons:

    (a)    The parties to this litigation;

    (b)    Counsel for the parties, including their respective paralegals and clerical employees;

    (c)    Witnesses or prospective witnesses, including but not limited to persons requested by counsel to furnish technical or other expert service, to give testimony or to otherwise prepare for any deposition, hearing, trial, or any other proceeding in this action, provided such witness or prospective witness agrees to be expressly bound by the terms of this protective order and not disclose the documents or information therein to any party or person outside this litigation; and

    (d)    The court and its personnel, including the stenographic reporters not regularly employed by the court who are engaged by the parties or the court during the litigation of this case.

IV.

Upon final termination of this action, whether via completion of the litigation process, trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, all persons subject to this order shall return to the producing party, upon request, all documents and information subject to this protective order,

including any and all copies, prints, negatives, or summaries, in the possession of employees, experts, or consultants employed or retained by counsel for the parties, except those items compromising any appellate record, hearing record, deposition, trial court record, privileged communications, or attorney work product.

V.

Whenever any documents marked as "CONFIDENTIAL" are entered into the record, such documents shall be filed under seal, except when such documents are used at trial.

VI.

No party shall seek sanctions based on an application to the court for an interpretation of confidentiality pursuant to this protective order.  Each party shall bear its own attorney's fees related to any such application.

IT IS SO ORDERED this 2nd day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE

STIPULATED TO:

/s/: Sandra Y. Harris
Sandra Y. Harris, Esq.
Arkansas Bar No. 92207
**Shirley Smith, Plaintiff**

Sandra Y. Harris, Attorney at Law, P.L.L.C.
P.O. Box 1052
3071 West 28th Street
Pine Bluff, Arkansas 71613
Telephone:  870-536-2600
Facsimile:   870-536-2663
e-mail:sharrislawfirm@cablelynx.com

/s/: Michael S. Moore
Michael S. Moore, Esq.
Arkansas Bar No. 82112
**C.B. King Memorial School, Inc., et. al., Defendants**

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue
Little Rock, Arkansas 72201-3493
Telephone: 501-370-1526
Facsimile: 501-244-5348
e-mail: mmoore@fridayfirm.com